**Alexandria**

HERBERT ARTIS

v.

PAULINE R. ARTIS

No. 1515-88-4

Decided May 22, 1990

Counsel

Robert P. Hudock (Hudock, Sawyer & Azarcon, on brief), for appellant.

Edward A. Shackelford, for appellee.

Opinion

**DUFF, J.**—Herbert Artis appeals the decision of the Circuit Court of Fairfax County, which, after granting a divorce *a vinculo matrimonii*, awarded the wife 43.7 percent of the husband's Navy pension benefits. The husband raises two issues in his appeal: (1) whether the trial court erred in refusing to amend a

prior order of the court which allegedly contained an error; and (2) whether the trial court erroneously awarded the wife 43.7 percent of the pension benefits in the belief that the Court of Appeal's opinion in *Artis v. Artis*, 4 Va. App. 132, 354 S.E.2d 812 (1987), required that award. Based on our review of the record, we find that the trial court erred in its construction of our previous opinion and therefore reverse.

On April 17, 1984, Pauline Artis [wife] filed a complaint in the Circuit Court of Fairfax County requesting a divorce from Herbert Artis [husband] on the grounds of desertion and adultery. The husband answered and cross-filed, asserting cruelty and constructive desertion. A hearing before a commissioner in chancery resulted in a divorce *a vinculo matrimonii* on the ground of a one-year separation of the parties. All issues pertaining to spousal and child support, child custody, equitable distribution, and attorney's fees were reserved for later determination.

An equitable distribution hearing was held on July 19, 1985. It was found that Mr. Artis had been in the Navy for approximately four years prior to the marriage and continued to serve in the Navy for twenty-three years of the twenty-seven year marriage. Mrs. Artis did not work during the first ten years of the marriage. When she began working, she generally earned about one-third of her husband's income.

During argument, counsel for the husband stated that, "[f]or purposes of this hearing, we'll stipulate that she was a mother and she did all the duties that she did as a mother and as a wife and that they have been married . . . some twenty years." At the conclusion of the hearing the court awarded Mrs. Artis $500 per month spousal support and fifteen percent of the net pension benefit received by the husband. The final order setting forth this award stated that "it was stipulated by the husband that the wife had made an equal contribution to the marriage, well being of the family, and to the acquisition, care and maintenance of the marital property . . . ." Counsel for the husband signed this order as "Seen," and made no objection.

The wife appealed the equitable distribution award. *See Artis v. Artis*, 4 Va. App. 132, 354 S.E.2d 812 (1987). In that opinion we stated that "the [trial] court should have given a clear reason to show that equity required a monetary award based upon an une-

qual division." *Id.* at 137, 354 S.E.2d at 815. We concluded that a clear statement of reason for unequal division was required where the husband had stipulated that "the parties' contributions to the general welfare of the family and to the accumulation of marital assets were equal." *Id.* The case was remanded to the trial court because we could not tell from the record how the chancellor arrived at an award of fifteen percent, and whether the statutory factors contained in Code § 20-107.3(E) had been adequately considered. In making his ruling on remand, the trial judge stated that he was "bound" by the "finding" of the Court of Appeals that the couple had stipulated to an equal contribution of the parties to the acquisition, care and maintenance of the marital assets. After considering the factors of § 20-107.3(E)(1-11), the court ruled that the wife should receive 43.7 percent of the pension (the limit by federal statute).

## I.

The husband first contends that the trial court, on remand, should have amended the order of November 1, 1985, to conform to the stipulation that "she did all the duties. . . as a mother and as a wife" rather than to hold that she "had made an equal contribution to the marriage, well being of the family, and to the acquisition, care and maintenance of the marital property." The husband contends that the language in the decree went beyond the stipulation in which he did not agree that the wife had made "an equal contribution" to the marriage or to the acquisition or maintenance of the marital property. On the facts of this particular case, we disagree.

■ Code § 8.01-428(B) provides that:

Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order.

This language "clearly is broad enough to cover more than errors committed by the clerk or one of the clerk's employees." *Lamb v. Commonwealth*, 222 Va. 161, 165, 279 S.E.2d 389, 392 (1981) (citing *Dorn v. Dorn*, 222 Va. 288, 279 S.E.2d 393 (1981)). To

invoke such authority the evidence must clearly support the conclusion that an error has been made. *Dorn v. Dorn,* 222 Va. 288, 292, 279 S.E.2d 393, 395 (1981). In the absence of any reasonable explanation as to why the parties might have intentionally altered the language of the in-court stipulation, the trial court may presume that any inconsistencies are unintentional and are within its authority to amend. *See Cass v. Lassiter,* 2 Va. App. 273, 278, 343 S.E.2d 470, 473 (1986).

The wife, however, contends that there is adequate explanation for the differences between the in-court stipulation and the November 1 order. At the original trial, wife's counsel began a line of questioning concerning the hardships and sacrifices of a military wife. Counsel for Mr. Artis interrupted this testimony and stipulated that "she was a mother and she did all the duties that she did as a mother and as a wife and that they have been married . . . some twenty years." The wife argues that it is common for "non-working" spouses to attempt to show, by this type of testimony, that their contributions were sufficient to justify an equal distribution of the property. The wife further contends that this was her intention in offering the testimony, and that counsel for the husband understood it to be such. Accordingly, when the stipulation was offered by husband's counsel as to the wife's performance of these duties, counsel for the wife took this as an intent to concede equal contribution to the acquisition of the marital property.

If accepted, this explanation would seem to be sufficient to show that the language of the November 1 order was consistent with the *intent* of the in-court stipulation, and thus sufficient to rebut the presumption that any inconsistencies were unintentional. We cannot, however, accept an explanation offered by the party to be benefitted without some corroborative evidence. The wife argues that her explanation is corroborated by the fact that the husband signed the November 1 order as "Seen," and did not object to the contents. We agree.

Counsel for the husband argues that, notwithstanding the fact that he endorsed the order without objection or comment, "the order was not challenged at the time since challenge did not seem necessary." It is clear, therefore, that counsel knew of the alleged "mistake" at the time it was made.

Counsel's endorsement, and his stated reasons for so endorsing, sufficiently corroborate the wife's explanation that the November 1 order reflected the intent of the stipulation. Accordingly, the trial court did not err in refusing to amend.

## II.

The original remand of this case was for the purpose of allowing the trial court to set forth its reasons for awarding the wife only fifteen percent of the military pension. On remand, in addressing that issue, the trial court observed that the evidence showed that the monetary contribution to the acquisition of the marital property, particularly to the pension, was overwhelmingly on the husband's side. The court stated:

> She got half or more than half of those assets. The husband is the one who acquired the military pension 100% and has cared and maintained that asset. Everything else was divided equally except the pension . . . .

This explanation, if accompanied by a proper consideration of the factors set forth in § 20-107.3, is sufficient to justify an unequal division of the property. The trial court, however, went on to state:

> [T]he Court of Appeals has said that the parties found that there was a stipulation that she made an equal contribution to the acquisition of this property, the care and maintenance of this marital property. . . . [T]his Court is bound by the *finding* of the Court of Appeals that she did contribute equally to the acquisition of the pension. The Court is bound by that *finding, therefore the retirement pension should be equal.* (emphasis added).

We made no "finding" concerning the wife's contribution to the acquisition of the pension. Any finding to that effect must be made by the trial court. We merely stated that the record contained a stipulation by the parties and that the trial court incorporated the stipulation in its findings.

■ There is no presumption in favor of an equal division of marital property. *Papuchis v. Papuchis*, 2 Va. App. 130, 341 S.E.2d 829 (1986). A court is not constrained from making an equal division if it finds it appropriate to do so upon consideration of the factors set forth in Code § 20-107.3(E). *See Williams v. Williams*, 4 Va. App. 19, 22, 354 S.E.2d 64, 65 (1987); *Bentz v. Bentz*, 2 Va. App. 486, 490, 345 S.E.2d 773, 775 (1986). Conversely, a finding of an equal contribution to the marriage does not preclude consideration of the parties' unequal contribution towards the acquisition of an individual asset. *Cf. McGinnis v. McGinnis*, 1 Va. App. 272, 276, 338 S.E.2d 159, 161 (1985). If there is sufficient evidentiary ground to support such a finding, a court may consider the unequal contributions of the parties toward the acquisition of a specific asset and divide that asset accordingly. In so doing, however, the court must be careful to consider all of the criteria set forth in Code § 20-107.3. "That the trial court fashioned an award which equally divided the parties' interests in the other items of personal property does not bind the court to treat the parties' rights and equities in the pension in the same way." *Keyser v. Keyser*, 7 Va. App. 405, 412, 374 S.E.2d 698, 702 (1988). In fact, the factors listed in Code § 20-107.3(E) show that the legislature envisioned that consideration of the factors as applied to various properties could justify different equities in each of the properties. *Id.* at 413, 374 S.E.2d at 702.

■ Here, the parties stipulated that they contributed equally to the acquisition of the marital property. This stipulation serves to heighten the importance of addressing all of the factors set forth in Code § 20-107.3, but it does not preclude an unequal distribution of the pension. So long as the court considers each factor and the evidence supports the conclusions reached by the trial court, we will not disturb the award on appeal merely because it is unequal. The trial court, upon remand, intimated that it was inclined, as before, to make an unequal division of the husband's pension but concluded that it was constrained from doing so because of a "finding" of the Court of Appeals. The trial court misconstrued our holding and, in so doing, unduly restricted its authority to make a monetary award based upon an unequal division of marital assets. However, if the trial court, on remand divides the pension unequally, its reasons for doing so must be done on the record, giving appropriate consideration to the parties' stipulation and the findings as set forth in the trial court's order.

In summary, we find no error in the court's refusal to amend the prior order. However, the court did err in its interpretation of our earlier opinion as requiring an equal division of the pension.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Coleman, J., and Moon, J., concurred.