COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


FRANCIS P. KEOUGH

v.   Record No. 0914-95-4                    MEMORANDUM OPINION[*]
                                                PER CURIAM
MARY E. (KEOUGH) PELLETIERI                   OCTOBER 31, 1995


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
F. Bruce Bach, Judge

(Ann W. Mische; Byrd, Mische, Bevis, Bowen, Joseph & O'Connor, on briefs), for appellant.

(Robert B. Machen, on brief), for appellee.


Francis P. Keough appeals the decision of the circuit court denying his "Motion to Correct Order" pursuant to Code § 8.01-428(B).  Keough argues that the trial court erred in failing to conform the typewritten consent order to the terms of the parties' handwritten agreement.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

Code § 8.01-428(B) provides, in pertinent part, that "[c]lerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time."  "This language 'clearly is broad enough to cover more than

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

errors committed by the clerk or one of the clerk's employees.'"
Artis v. Artis, 10 Va. App. 356, 359, 392 S.E.2d 504, 506 (1990)
(citation omitted).  However, "[t]o invoke such authority the
evidence must clearly support the conclusion that an error has
been made."  Id. at 359-60, 392 S.E.2d at 506.  "We cannot . . .
accept an explanation offered by the party to be benefitted
without some corroborative evidence."  Id. at 360, 392 S.E.2d at
507.

Following an earlier appeal to and remand from this Court,
Keough and Mary E. Pelletieri, with their respective counsel,
settled the remaining issues between them.  The terms of their
settlement were set out in a handwritten agreement signed by the
parties and counsel.  The handwritten agreement, which included
abbreviations and interlineations, contained the following
provision:  "[Pelletieri's] portion of the milit. pension will
incr. in acc'd with increases in the total pension beg'g
effective w. [Keough's] retir't in the same percentage as the
incre's in the to. retirement."  The agreement was subsequently
prepared as a typed consent decree.  The first typed version of
the consent decree was provided by Pelletieri to Keough, through
counsel, for review and endorsement.  Allowing for abbreviations
and identification of the parties, the language of the consent
order incorporated the language of the handwritten agreement with
one exception:  "The Defendant's [Pelletieri's] portion of the
military pension shall increase in accordance with increases in

2

the total pension beginning effective _in_ the Complainant's [Keough's] retirement in the same percentage as the increases in the total retirement." (Emphasis added to note exception.)

Keough's counsel reviewed the typed consent order, and made the following comment: "In paragraph 2, the last sentence, the phrase 'in accordance with increases in the total pension beginning effective in' does not make any sense. I believe the entire phrase could be eliminated and the remaining sentence would make sense." After suggesting additional revisions, Keough's counsel concluded the letter by stating: "Please revise the order and send me the original. I will be happy to endorse it and return it to you." Pelletieri's counsel made the requested revisions, and returned the revised consent decree to Keough's counsel with a request that counsel "[c]all me right away if there are any matters of language to be resolved" and with thanks to Keough's counsel "for working so hard to reach this settlement and to make sure that it was written up accurately." The revised decree was endorsed by counsel and entered by the court.

At the hearing below, the trial court found that the handwritten agreement was revised by the parties prior to the entry of the consent decree. The court found that the evidence indicated Keough's counsel made a unilateral mistake by deleting the language, which changed the substance of the agreement to Keough's disadvantage. Nevertheless, the modified language in

3

the revised consent decree was accepted by Pelletieri's counsel, endorsed by both counsel, and entered as amended by the trial court.

When reviewing the terms of the consent decree, we are "not bound by the trial court's conclusions as to the construction of the disputed provisions." Smith v. Smith, 3 Va. App. 510, 513, 351 S.E.2d 593, 595 (1986). "[O]n appeal if all the evidence which is necessary to construe a contract was presented to the trial court and is before the reviewing court, the meaning and effect of the contract is a question of law which can readily be ascertained by this court." Fry v. Schwarting, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987).

We note that this is not an instance in which the parties' settlement agreement exists as a separate document which the decree ratifies and incorporates. The consent decree was intended by the parties to set forth, in its express language, the terms of their settlement agreement. Both parties reviewed the decree. Counsel suggested modifications, which were accepted, and the decree was entered.

While there may have been mistakes made by Keough's counsel in suggesting a modification which worked to Keough's disadvantage, we cannot say that that is the kind of clerical mistake which may be corrected under Code § 8.01-428(B). This was not a scrivener's error, or an error which is demonstrably contradicted by all other written documents. In fact, the

4

evidence demonstrates that the modification to the consent decree was not an act of oversight or inadvertent omission as required under Code § 8.01-428(B), but was instead a deliberate revision.

As we find this error was not an oversight or inadvertent omission, we do not address Keough's question whether an error under Code § 8.01-428(B) must be mutual.

Therefore, the trial court did not err in denying Keough's Motion to Correct Order. Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>