COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Coleman and Willis


D.G.P.

v.   Record No. 1004-95-4                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
E.C.P.                                        NOVEMBER 7, 1995

E.C.P.

v.   Record No. 1030-95-4

D.G.P.

              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Robert W. Wooldridge, Judge

             (Brian M. McCormack; Dunn, McCormack,
             MacPherson & Orfe, on briefs), for D.G.P.

             (James R. Tate; Tate & Bywater, on briefs),
             for E.C.P.


     The parties appeal from the equitable distribution decision

of the circuit court.  D.G.P. (husband) alleges that the trial

court erred in distributing the marital assets.  E.C.P. (wife)

argues that the trial court erred in awarding her only a portion

of her attorney's fees.  Upon reviewing the record and briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

 Rule 5A:27.

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## Equitable Distribution Award

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). If the trial court has considered the factors set out in Code § 20-107.3(E) and the evidence supports the trial court's conclusions, we will not disturb the trial court's equitable distribution award merely because it is unequal. Artis v. Artis, 10 Va. App. 356, 362, 392 S.E.2d 504, 508 (1990).

The trial court awarded wife the largest single marital asset, the marital residence, which had an equity of $165,000. Wife was also awarded her pension. Husband was awarded his Boy Scout memorabilia collection with an estimated value of $60,000. Other marital assets and debts were divided almost equally.

Husband argues that neither the evidence nor the factors set out in Code § 20-107.3(E) support the trial court's equitable distribution decision. While husband concedes wife made somewhat greater nonmonetary contributions to the family than he did, he asserts that the trial court failed to consider his greater monetary contributions.

The trial court considered all the statutory factors, but noted that "certain considerations and findings . . . bear particular mention." Specifically, the trial court found that

2

both parties made significant monetary contributions to the family, and husband earned somewhat more money throughout the marriage. However, while wife's earnings "consistently went to benefit the family," husband "spent thousands of family dollars in pursuit of his sexual escapades." Husband also spent an estimated $60,000 on his Boy Scout memorabilia collection, which "far exceeded money one would be entitled to spend on a hobby without having to account for it or without having it taken into account at the conclusion of a marriage."

The trial court also noted the nonmonetary contributions, including the negative contributions, made by the parties. The trial court found that wife made the more significant nonmonetary contributions to the family. While husband worked long hours as an attorney, he also traveled away from the family for the purposes of adding to his scouting collection and participating in sexual liaisons. In the beginning, husband traveled only several times a quarter. Eventually husband was gone every other weekend, from noon on Friday until late afternoon on Sunday. Although husband denied having any sexual encounters on his scout collection trips, he admitted that he sometimes claimed to be on scouting trips when in fact he was pursuing sexual activities.

The trial court noted that almost ninety percent of wife's pension was marital property. Wife's pension had a cash withdrawal value of approximately $62,500. While wife's pension funds had continued to accrue, husband repeatedly withdrew

3

retirement funds to spend on his Boy Scout memorabilia collection. Husband testified that he spent thousands of dollars of his federal government retirement funds and withdrew $12,000 of marital funds held in an IRA to add to his collection. The evidence was inconclusive whether husband had other pension benefits from his years in private practice. By awarding the memorabilia collection to husband and the pension to wife, the trial court gave each party an unencumbered interest in assets of approximately equal value. We cannot say that that distribution was an abuse of the court's discretion.

Finally, we find no abuse of discretion in the trial court's decision to award the marital home to wife. Wife had custody of the parties' two minor children. The trial court specifically found that husband's expenditures did not constitute waste, as they were not made in anticipation of a divorce. Booth v. Booth, 7 Va. App. 22, 27, 371 S.E.2d 569, 572 (1988). In this case, however, husband's activities not only were detrimental to the marriage and the family by drawing him farther and farther away, but also were a financial drain on the marital assets. Thus, these activities were relevant in determining the distribution award. See Aster v. Gross, 7 Va. App. 1, 5-6, 371 S.E.2d 833, 836 (1988). Moreover, "while equitable distribution is not a vehicle to punish behavior, the statutory guidelines authorize consideration of such behavior as having an adverse effect on the marriage and justifying an award that favors one spouse over the

4

other." O'Loughlin v. O'Loughlin, 20 Va. App. 522, 527, 458 S.E.2d 323, 325 (1995). Therefore, the trial court did not abuse its discretion in considering husband's activities in its equitable distribution award and in awarding wife a greater share of the marital assets.

## Attorney's Fees

Wife argues that the trial court abused its discretion by awarding her only $2,500 out of $11,436 in attorney's fees. However, an award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

Wife's annual income was approximately $70,000, while husband's was approximately $90,000. Wife had expended $5,500 in marital assets to pay her attorney. Husband was responsible for paying up to $1,800 for wife's therapy. Based on the number of issues involved and the respective abilities of the parties to pay, we cannot say that the award was unreasonable or that the trial judge abused his discretion in making the award.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

5