COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


RAYMOND JAMES NIGH

v.   Record No. 0409-95-4                    MEMORANDUM OPINION[*]
                                                PER CURIAM
HELEN P. NIGH                               NOVEMBER 14, 1995


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        Thomas S. Kenny, Judge

            (Raymond J. Nigh, pro se, on briefs).

            (Cheryl M. New; Sandground, Barondess & West, on
            brief), for appellee.


        Raymond James Nigh (husband) appeals the circuit court's
equitable distribution award to Helen P. Nigh (wife).  Husband
raises three arguments on appeal:  (1) that the trial court
lacked authority under Code § 20-107.3 to order him to transfer
his interest in the marital residence; (2) that the trial court
erred in awarding spousal support contrary to the terms of an
agreement signed by the parties; and (3) that the trial court
erred in its equitable distribution award.  Upon reviewing the
record and briefs of the parties, we find that this appeal is
without merit.  Accordingly, we summarily affirm the decision of
the trial court.  Rule 5A:27.

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

<u>Authority to Transfer Interest</u>

At the time husband filed his bill of complaint, Code § 20-107.3(C) (1990) provided, in pertinent part, that "[t]he court may, based upon the factors listed in subsection E, order the division or transfer, or both, of jointly owned marital property, or any part thereof."  The marital residence was jointly owned.  Therefore, the court had authority to order the transfer of the jointly owned marital property.

<u>Prior Written Document</u>

During the divorce proceeding, husband presented a handwritten document which contained the following language above the wife's signature:

> I agree that if [the husband] will pay my full . . . tuition & cost of books as well as any other school related expenses . . . of $2,000 per semester for a total of 5 semesters & gasoline not to exceed [$]1,200 per semester . . . , then I agree to waive my right to alimony.

Beside the husband's signature on the document is the sentence, "I agree to these terms."

Wife testified that husband paid her college tuition for two semesters and paid additional expenses for her but did not fulfill the terms written on the document.  Husband testified that he did not pay tuition for wife as called for under the written document, but testified that the parties had orally modified the terms.  Husband claimed he honored the terms as orally modified.

The trial court found the evidence insufficient to prove that the parties had orally modified the written document.  "To be valid and enforceable, the terms of an oral agreement must be reasonably certain, definite, and complete to enable the parties and the courts to give the agreement exact meaning."  <u>Richardson v. Richardson</u>, 10 Va. App. 391, 395, 392 S.E.2d 688, 690 (1990). While there was evidence that the parties had conducted additional settlement negotiations, the evidence supports the trial court's finding that the parties had not entered into an enforceable oral modification.  Thus, we rely only on the terms within the handwritten document.

"Property settlement and support agreements are subject to the same rules of construction and interpretation applicable to contracts generally."  <u>Fry v. Schwarting</u>, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987).  In a unilateral contract, one party makes an offer in the form of a promise to do an act upon the fulfillment of certain conditions by the other party.  <u>Nicely v. Bank of Virginia Trust Co.</u>, 221 Va. 1084, 1089, 277 S.E.2d 209, 211-12 (1981); <u>Pitts v. City of Richmond</u>, 235 Va. 16, 19-20, 366 S.E.2d 56, 58 (1988).  If the conditions precedent are not satisfied, the contract offer becomes void.  <u>Id.</u>  <u>See</u> <u>also</u> <u>Smith v. McGregor</u>, 327 Va. 66, 75, 376 S.E.2d 60, 65 (1989).

2

The signed document required the husband to make certain payments in exchange for the wife's waiver of alimony.  The husband's failure to satisfy the conditions contained in the document voided the offer in the unilateral contract.  Thus, the trial court did not err in refusing to incorporate the document into the decree by reference, see Code § 20-109.1, and did not err in awarding spousal support to the wife without regard to the terms of the document.  See Code § 20-109.

### Equitable Distribution Award

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).  If the trial court has considered the factors set out in Code § 20-107.3(E) and the evidence supports the trial court's conclusions, we will not disturb the trial court's equitable distribution award merely because it is unequal.  Artis v. Artis, 10 Va. App. 356, 362, 392 S.E.2d 504, 508 (1990).

Husband asserts that the trial court failed to consider the statutory factors.  The record does not support that assertion.  The trial court found that husband had made the majority of the monetary contributions, but had exposed the family to risk by borrowing heavily against the equity in the family homes:

> [T]hat constant borrowing drained a huge amount of equity out of the family and basically required the family to give up the house on West Boulevard Drive and has yielded an enormous capital gain problem for them that may be worse than that . . . .  There have also been some imprudent investments resulting in the Tweed loan . . . and then he also failed to pay employment taxes for his corporation for three years back in the early 1980s at a time that he was driving a Mercedes automobile at $900 a month.  I think those negative monetary contributions need to be taken into account.

The trial court found that wife had made most of the nonmonetary contributions.  The trial court expressly addressed the parties' respective debt situations and the tax consequences, noting the large capital gains tax facing wife.

Thus, the record shows that the trial court considered the statutory factors in making the equitable distribution award.  We cannot say the trial court's decision was plainly wrong or unsupported by the evidence.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

3