COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Annunziata and Senior Judge Hodges
Argued at Norfolk, Virginia


ROBERT GARRETT

MEMORANDUM OPINION[*] BY
v.          Record No. 0760-95-1          JUDGE LARRY G. ELDER
                                          NOVEMBER 28, 1995
KAREN FORBES-GARRETT


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Robert B. Cromwell, Jr., Judge


Barry Randolph Koch (McCardell & Inman, P.L.C.,
on brief), for appellant.

Jeffrey C. Flax (Kelberg, Childress & Flax, on
brief), for appellee.


Robert Garrett (husband) appeals the trial court's nunc pro
tunc order amending the final decree of divorce under Code
§ 8.01-428(B). Husband contends the trial court erred in finding
there was an error in the final decree arising from oversight and
subject to revision under Code § 8.01-428(B). Because the trial
court did not err, we affirm the amendment of the final decree.

Husband and Karen Forbes-Garrett (wife) entered into a
stipulation agreement on October 4, 1993 which provided, inter
alia, that husband would pay spousal support to wife commencing
upon the happening of certain contingencies involving wife's
income and employment with husband's company. The agreement
specifically designated when such payments were to end: "Such

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

spousal support shall continue for <u>three years from date of Final Decree of Divorce</u>, or until Wife remarries, dies or the Husband dies." (Emphasis added). Both parties testified before the commissioner on July 11, 1994 that they wanted the agreement approved by the trial court and made part of the final divorce decree.

The commissioner recommended the trial court approve, ratify, affirm, and incorporate into the final decree the terms of the agreement. The commissioner also recommended husband pay spousal support to wife as set forth in the written separation agreement, "continuing for three years or until the death of either party or the plaintiff's remarriage." Although the commissioner did not specify the date from which the three years were to run, he did state, "it being the intent hereof not to have the [c]ourt's decree supplant, but to incorporate the written separation agreement therein."

Counsel for husband drafted the final divorce decree, which wife's counsel endorsed. While the decree adopted the commissioner's report, it differed from the stipulation agreement in one key respect, namely, when the support payments would terminate. The decree ordered husband to pay wife spousal support "pursuant to and subject to the terms of the written Separation Agreement . . . <u>for a period of three years from July 1, 1993</u>." This provision differed from the terms of the agreement, which obligated husband to pay spousal support for

three years from the date of entry of the final decree (October 7, 1994).  As the trial court noted, this provision of the final decree resulted in husband being relieved of his support obligation fourteen months earlier than under the terms of the agreement.

Wife filed motions to correct the alleged clerical error, and the trial court held a hearing on the matter on January 13, 1995.  After hearing testimony from each party as to his or her intent, the trial court entered an order on March 9, 1995, modifying the final decree to reflect the terms of the agreement (spousal support to terminate three years <u>from the date of the final decree</u>, not July 1, 1993).

We hold the trial court did not err in correcting the terms of the parties' final decree of divorce.

Code § 8.01-428(B) provides:

B.  Clerical Mistakes--Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order.

Thus, the trial court may amend a final decree in three circumstances:  (1) to correct a clerical mistake; (2) to correct an error arising from oversight; or (3) to correct an error arising from an inadvertent omission.  "This language 'clearly is broad enough to cover more than errors committed by the clerk or one of the clerk's employees.'"  <u>Artis v. Artis</u>, 10 Va. App. 356,

359, 392 S.E.2d 504, 506 (1990)(citation omitted). "To invoke such authority the evidence must clearly support the conclusion that an error has been made." Id. at 359-60, 392 S.E.2d at 506.

In this case, husband argues the discrepancy in the final decree was not an oversight on the part of either party or the court, but rather the final decree incorporated the parties' intent. We disagree with husband and conclude the trial court correctly applied the applicable law to the facts to reach its decision to correct the oversight. In correcting the oversight in the final decree, the trial court thoroughly explained its reasoning:

> "In the absence of any reasonable explanation as to why the parties might have intentionally altered the language of the . . . stipulation, the trial court may presume that any inconsistencies are unintentional and are within its authority to amend." Artis, [10 Va. App. at 360, 392 S.E.2d at 506]. Counsel for [husband] offers in his brief the explanation that he purposely made the subject provision a part of the decree "in accordance with his (counsel's) interpretation of what the parties' agreement was . . . ." "We cannot, however, accept an explanation offered by the party to be benefitted without some corroborative evidence." [Id. at 360, 392 S.E.2d at 507]. [Husband's] proffered explanation is at odds with the record before the court.
>
> . . . Which provision the court should determine to be correct depends upon both the original intent of the parties upon entering the agreement and the intent of the court in entering its decree. Cass v. Lassiter, 2 Va. App. 273, 278[, 343 S.E.2d 470, 473] (1986). Since the plain language used in the Stipulation Agreement is unambiguous and both parties testified at the commissioner's hearing that they wanted the terms of the Agreement to be made a part of any final decree, this court finds that it was the intent of the parties and the court to obligate [husband] to pay spousal support to [wife] for a period of three years from the

-4-

date of entry of the final decree.

Despite husband's assertions to the contrary, our review of the record reveals that the parties intended the final decree to conform to the terms of the agreement and that an error was made in not doing so.  See Dorn v. Dorn, 222 Va. 288, 292, 279 S.E.2d 393, 395 (1981)(stating courts have "authority to enter nunc pro tunc orders modifying support obligations in the rare situation where the evidence clearly supports the conclusion that an error covered by Code § 8.01-428(B) has been made"); see generally Code § 20-109 (stating courts shall direct payment of spousal support in accordance with the divorcing parties' stipulation agreement).

Because the trial court did not err, we affirm its decision to amend the final decree pursuant to Code § 8.01-428(B).

Affirmed.