COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia


ANGIE JONES MAYHUGH
                                        MEMORANDUM OPINION*
v.      Record No. 1200-96-2      BY JUDGE MARVIN F. COLE
                                          MARCH 4, 1997
GENE A. MAYHUGH


              FROM THE CIRCUIT COURT OF APPOMATTOX COUNTY
                 Kenneth W. Farrar, Judge Pro Tempore


            Philip B. Baker (Joseph A. Sanzone
            Associates, on brief), for appellant.

            John J. O'Keeffe, Jr. (Jennifer E. Stille;
            O'Keeffe & Spies, on brief), for appellee.


     On this appeal from a final decree of divorce, Angie Jones

Mayhugh (wife) contends that the trial court erred by (1)

granting Gene A. Mayhugh (husband) a divorce on the grounds of

post-separation adultery, (2) evaluating the marital residence

without consideration of the passive appreciation of wife's

separate portion, (3) determining that the tanning business was

marital property, (4) failing to apportion to husband a share of

the debts associated with the tanning business, and (5) assessing

all of the debt of the rental property to wife without giving her

benefit of the asset.  We affirm the judgment.

_____

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

I.

The parties were married in August, 1984 and separated in November, 1993. A divorce decree was granted to husband on the ground of adultery on April 30, 1996.

In 1985, wife received the marital residence as a gift from her father. An appraisal indicated that the value of the house at the time wife received it was $19,400. The property was never jointly titled. However, husband made significant improvements to the residence by constructing an addition and renovating the existing portion of the house. The real estate appraisal valued the house as improved at $53,000 at the time of the evidentiary hearing. The trial court found that $19,400 of the value of the marital residence was the separate property of wife, resulting in a $33,600 marital portion of the marital residence.

During the marriage, the parties financed the acquisition of a rental property and two lots by taking two mortgages on the marital residence. The trial court awarded the marital residence to wife and directed her to pay the first and second mortgages on the residence because she received that property. The trial court awarded the rental property and two lots to husband.

Wife testified that, in 1983 before she was married, she started a tanning business, using her own money and loans acquired from her father. Husband testified that he gave $13,000 to wife in order to start the tanning business. The business operated from the parties' Appomattox house until 1990.

In the summer of 1990, wife started another tanning business in Lynchburg, borrowing money to fund this business. Testimony conflicted as to whether husband assisted in the operation of the tanning salons. The trial court classified the tanning business as marital property, awarded wife the business, and directed her to pay debts associated with the business. The trial court assessed the value of the business by averaging the valuations given by the parties.

## II.

Wife first challenges the trial court's ruling granting husband the divorce based on the ground of wife's adultery. She argues that the adultery occurred post-separation and was not the sole cause for the dissolution of the marriage.

> The fact that the adultery occurred after the parties separated does not lead inexorably to the conclusion that the adultery had nothing to do with the breakdown of the marriage. "The commission of adultery during that period [of separation] by either party to a marriage in trouble is the one act most likely to frustrate and prevent a reconciliation." Moreover, the ground for divorce need not have caused the deterioration of the marriage in order to award a divorce on such basis. The ground may be only the legal requirement which the legislature has recognized must exist before public policy will permit courts to dissolve a failed marriage.

Derby v. Derby, 8 Va. App. 19, 24, 378 S.E.2d 74, 76 (1989) (citations omitted).

Wife admits that she committed post-separation adultery. Although she argues that her adultery was not the sole cause for

the dissolution of the marriage, "[i]t is well established that '[w]here dual or multiple grounds for divorce exist, the trial judge can use his sound discretion to select the grounds upon which he will grant the divorce.'"  Williams v. Williams, 14 Va. App. 217, 220, 415 S.E.2d 252, 254 (1992) (citation omitted). Because Code § 20-91 authorizes a divorce on the ground of adultery, and because the evidence supports the conclusion that wife committed adultery, the trial court did not err.

                              III.

     "The goal of equitable distribution is to adjust the property interests of the spouses fairly and equitably."  Booth v. Booth, 7 Va. App. 22, 27, 371 S.E.2d 569, 572 (1988).  In so doing, the trial court is required to "tak[e] into consideration the factors presented in Code § 20-107.3(E)."  Marion v. Marion, 11 Va. App. 659, 665, 401 S.E.2d 432, 436 (1991).  "This division or transfer of jointly owned marital property and the amount of any monetary award, subject to the enumerated statutory factors, is within the sound discretion of the trial court."  Dietz v. Dietz, 17 Va. App. 203, 216, 436 S.E.2d 463, 471 (1993).  "There is no presumption in Virginia favoring equal division of marital property . . . ."  Williams v. Williams, 4 Va. App. 19, 22, 354 S.E.2d 64, 65 (1987).

     Wife argues that the trial court erred by not considering the passive appreciation of her separate portion of the marital residence when placing a value on the marital residence.  The

                            - 4 -

trial court accepted wife's appraisal that the value of the marital residence was $53,000. The trial court also found that wife's separate interest in the marital residence was $19,400, the value of the property when she received it as a gift from her father in 1985. However, wife argues that the appraisal also indicates that the present value of her separate interest is $28,922, which represents an annual appreciation of 4% over ten years. Wife, while acknowledging that husband made improvements on the property, contends that the increase in value of her separate interest in the property is attributable only to passive appreciation and that her separate interest should have been $28,922, resulting in a readjusted value of the marital interest of $24,078, rather than $33,600.

> Code § 20-107.3(A)(3)(a) provides:
>> In the case of the increase in value of separate property during the marriage, such increase in value shall be marital property only to the extent that marital property or the personal efforts of either party have contributed to such increases, provided that any such personal efforts must be significant and result in substantial appreciation of the separate property.

The definition of "personal effort" includes labor, effort, and physical skill applied directly to the separate property. Id.

Husband presented evidence that he is a contractor and that he constructed an addition onto the marital residence that more than doubled the square footage of the residence. Husband also

- 5 -

testified that he substantially renovated the existing portion of the residence, including installing replacement windows, a new roof and a porch. The appraisal applied a value of 41% to the original portion of the house and a value of 59% to the addition.

The record contains considerable evidence that the value of the house increased through husband's personal efforts to the marital residence. The trial court's award is not to be disturbed on appeal unless plainly wrong or without evidence to support it. Bosserman v. Bosserman, 9 Va. App. 1, 5, 384 S.E.2d 104, 107 (1989). We find that there was sufficient evidence to support the findings of the trial court concerning the classification and valuation of the marital residence.

Wife further argues that the trial court erred when it ordered that she was responsible for the two mortgages on the marital residence because these mortgages were used to acquire rental property and two lots, all of which were awarded to husband. Thus, wife argues that the value of the marital residence should have been reduced by the amount of the indebtedness on the property.

Code § 20-107.3(C) provides that the court shall have the authority to apportion and order the payment of debts of the parties. In addition, this section states that the apportionment of marital debts shall be determined by the court after consideration of the factors listed in Code § 20-107.3(E). The trial court specifically stated in its opinion letter that it

considered all of the factors set forth in Code § 20-107.3(E) in making the property distribution. Although the trial court found that the parties' monetary and non-monetary contributions to the marriage and to the acquisition and care of the marital property were equal, the trial judge considered that the wife caused the marriage to dissolve when she left to live with another man. See O'Loughlin v. O'Loughlin, 20 Va. App. 522, 527, 458 S.E.2d 323, 325 (1995). In addition, the trial court specifically stated that it considered all of the factors set forth in Code § 20-107.3(E) with respect to the marital debt.

When dividing the equity in the marital residence, the trial court considered the nature and character of the debts on the martial residence. Although the trial court awarded wife a total value of $67,733 in marital property and awarded husband a total value of $39,250 in marital property, resulting in a difference of $28,483, the wife was directed to pay the two deeds of trust on the marital residence, which totaled $32,000 and other debt. In view of the finding of fault in the dissolution of the marriage, we cannot say that the trial court abused its discretion in directing that wife pay the two deeds of trust and other debt resulting in a greater award to the husband. "In reviewing an equitable distribution award on appeal, we recognize that the trial court's job is a difficult one. Accordingly, we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each

case." <u>Artis v. Artis</u>, 4 Va. App. 132, 137, 354 S.E.2d 812, 815 (1987), <u>appeal after remand on other grounds</u>, 10 Va. App. 356, 392 S.E.2d 504 (1990).

IV.

Wife contends that the trial court erred in finding that the tanning business was marital property. The evidence of husband's contribution to the tanning business was in conflict. Wife claims that she started the business herself, with her own money, and with funds borrowed by her. She contends that husband was paid for his labor at the Lynchburg salon just like any other employee, and she disputes his contribution to the operation of the business.

Husband claims that the parties started the business together and that it was jointly financed by them. He claims that he contributed to the operation of the business and that income from the business sustained the marriage.

"The weight to be given evidence and the resolution of conflicts in the evidence are for the fact finder. . . . The trial court's factual findings must be accorded great deference." Gamer v. Gamer, 16 Va. App. 335, 345, 429 S.E.2d 618, 625 (1993). The trial court was entitled to believe husband's evidence regarding his participation in and his contribution to the tanning business. Id. Because credible evidence supports the trial court's finding that the tanning business was marital property, we will not disturb the trial court's ruling. See Brown v. Brown, 5 Va. App. 238, 245, 361 S.E.2d 364, 368 (1987).

V.

Wife contends that the trial court erred in determining a

value for the tanning business and erred in not considering the debt against the property. Wife presented evidence that the tanning salon had a value of $7,000 to $8,000. Husband testified that the value of the business was $21,525. The trial court averaged the figures presented by the parties and valued the business at $14,762. After classifying the tanning business as marital property, the trial judge awarded the entire business to wife, and required that she pay the debts associated with the business.

Initially, wife challenges the trial court's acceptance of husband's testimony concerning the value of the business, asserting that husband has no expertise in valuing a business. However, as stated above, the weight to be given the evidence and resolution of conflicts in the evidence are questions for the trial court. Gamer, 16 Va. App. at 345, 429 S.E.2d at 625. The trial court was not obligated to select the specific value offered by either party, regardless of their relative qualifications as experts. See Zipf v. Zipf, 8 Va. App. 387, 395, 382 S.E.2d 263, 268 (1989). We cannot say that the trial court was plainly wrong in choosing a figure within the range supported by the evidence, and we find that there was sufficient evidence in the record to support the trial court's valuation.

Wife next argues that the trial court erred in not reducing the value of the tanning business by the amount of debt on the business. The trial court first classified the business as

marital property, then awarded the entire value of this property to wife. The trial court indicated that it considered the factors set forth in Code § 20-107.3(E) when assigning marital debt.

> Code § 20-107.3(E)(7) provides that the debts of each spouse shall be considered as a factor when determining how to distribute jointly owned marital property or to fashion a monetary award. The purpose and nature of the debt, and for and by whom any funds were used, should be considered in deciding whether and how to credit or allot debt.

Gamer, 16 Va. App. at 341, 429 S.E.2d at 623.

The purpose of the debt associated with the tanning business was to start and operate the tanning business, a business wife was awarded in the equitable distribution award. The nature of the debt associated with the tanning business was wife's personal loans and personal credit card debts. Evidence showed that $5,600 in loans for the business involved loans from wife's father which were ten and six years old and toward which no payments had ever been made.

Moreover, as stated above, when the entire equitable distribution award is reviewed, husband received $39,250 in marital property. Deducting the total debts assigned to wife, wife received marital property with a total value of $24,730. While the husband received a higher percentage of the marital estate, "this alone does not indicate an improper division between the parties. Virginia's statutory scheme of equitable distribution does not have a presumption favoring an equal

- 11 -

distribution of assets." Alphin v. Alphin, 15 Va. App. 395, 404, 424 S.E.2d 572, 576 (1992). Credible evidence was presented concerning both parties' contributions to the tanning business. The record also contains credible evidence that the trial court properly considered the statutory factors in awarding the property and the marital debt, including the factor that wife's conduct was primarily the cause of the dissolution of the marriage. See Code § 20-107.3(E)(5). Accordingly, wife's challenge to the trial court's ruling is without merit.

## VI.

Wife asserts that, when the trial court awarded the rental property and lots to husband, the trial court did not allow wife credit for payments she made on the mortgages for these properties and for the payments she made for the homeowner's insurance for the rental property from the date of separation. However, in its opinion letter, the trial court stated that wife was not entitled to any credit for the homeowner's insurance because she paid this expense voluntarily, and she did not request that the husband pay any of this expense. Moreover, the trial court indicated that wife received the benefit of the parties' time share property since the parties' separation. Further, as discussed in Section III above, we find no abuse of discretion in the trial court's directive that wife pay the first and second mortgages on the marital residence.

For the above stated reasons, the trial court's decision is

affirmed.

<u>Affirmed</u>.