## CIRCUIT COURT OF FAIRFAX COUNTY

Nancy E. Bergman

v.

William S. Bergman

April 7, 2000

Case No. (Chancery) 108499

BY JUDGE JANE MARUM ROUSH

This matter came on to be heard on March 31, 2000, on the plaintiff's "Motion to Amend Bill of Complaint and Vacate Appointment of Commissioner" [sic]. Despite its caption, the motion, in fact, asked the Court to amend the Final Decree entered in this case, and the Court will treat it as a motion to amend the final decree.

The Final Decree was entered in this case on February 29, 2000. That decree stated, in pertinent part: "There is no support arrearage as of the date of this Order."

On March 17, 2000, Mrs. Bergman filed the motion to amend the final decree. Although the motion to amend was filed within 21 days of the entry of the final decree, plaintiff did not schedule the motion for a hearing beyond the 21-day period, and no suspending order was entered. Thus, the Final Decree became final 21 days after entry.

In the motion to amend the final decree, plaintiff states that the quoted language stating that no support arrearages exist was not intended to supersede the three judgments Mrs. Bergman had previously obtained for unpaid spousal support. Those judgments total $92,976.00, plus attorney's fees and interest. The judgments were in the respective amounts of $33,576.00 (February 23, 1996), $18,900.00 (March 28, 1997), and $40,500.00 (August 13, 1999).[1]

---

[1] In her motion to amend the final decree, the plaintiff erroneously states that the amount of the August 13, 1999, judgment was $40,900.00.

Although plaintiff's written motion cited no authority for amending the final decree after it became final, at the hearing on the motion, plaintiff's counsel stated that the statement that there was no arrearage owing was a "clerical error." Plaintiff's counsel represented to the court in oral argument that Mrs. Bergman agreed to waive her claim to spousal support accruing after the last judgment was entered in August 1999 in exchange for Mr. Bergman continuing to cover her on his health insurance until a certain date. Accordingly, Mrs. Bergman seeks to amend the final decree to state: "No support arrearage exists other than for those arrearage amounts that the Complainant has already received judgment for but not collected on." Counsel claims that such correction will accurately reflect the agreement of the parties.

Plaintiff is presumably proceeding under Code § 8.01-428(B). That section provides:

> B. *Clerical mistakes.* — Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order. During the pendency of an appeal, such mistakes may be corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending such mistakes may be corrected with leave of the appellate court.

Code § 8.01-428(B). The cases decided under that section make clear that "clerical mistakes" that may be corrected at any time encompasses more than mistakes by the clerk of the court. *See, e.g., Artis v. Artis,* 10 Va. App. 356 (1990). Clerical mistakes within the meaning of that section can include a scrivener's error by counsel such as claimed in this case. However, "[t]o invoke such authority, the evidence must clearly support the conclusion that an error has been made." *Id.* at 359-60. "We cannot . . . accept an explanation offered by the party to be benefitted without some corroborative evidence." *Id.* at 360.

Mr. Bergman received notice of the March 31, 2000, hearing but did not attend. Mrs. Bergman attended the hearing but did not testify. At this point, the Court has no corroborative evidence from which it can conclude that the final decree contained a scrivener's error as to spousal support arrearages. Therefore, the motion to amend the final decree will be denied, without prejudice to it being renewed, and an evidentiary hearing held at which hearing evidence is presented as to the actual agreement of the parties. Mr. Bergman should be served with notice of any such hearing.