COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Elder and Clements
Argued at Richmond, Virginia


TERI C. JERNIGAN

                         MEMORANDUM OPINION[*] BY

v.    Record No. 3002-00-2     JUDGE JEAN HARRISON CLEMENTS
                            NOVEMBER 27, 2001

DARYL W. CLAYTON


FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
James A. Luke, Judge

Neil Kuchinsky (Kuchinsky & Associates, P.C.,
on brief), for appellant.

Stefan M. Calos for appellee.


Teri C. Jernigan (wife) appeals from the trial court's order amending, upon the motion of Daryl W. Clayton (husband), a prior order of the trial court with respect to the amount of the child support arrearage owed by husband.  On appeal, wife contends the trial court erred in amending the prior order because the alleged error was not correctable under Code § 8.01-428(B) and in conditioning the full lump-sum payment of the child support arrearage upon neither party appealing the court's order.  For the reasons that follow, we affirm the decision of the trial court and remand this case for implementation of the trial court's order that husband make full lump-sum payment of the arrearage.

---

    * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as necessary to the parties' understanding of the disposition of this appeal.

## I.   BACKGROUND

On February 28, 1995, the juvenile and domestic relations district court entered an order stating, in relevant part, that "[t]he amount of arrears is established as $21,989.33, upon which amount the Court enters judgment plus interest from September 22, 1989 at the rate of nine percent."  That order was appealed to the circuit court, which entered an order on October 12, 1995, stating, in relevant part, that "[t]he amount of arrears was established previously by the Juvenile & Domestic Relations District Court at $21,989.33, upon which amount this Court enters judgment plus interest from September 22, 1989 at the rate of nine percent."

On December 12, 1997, the circuit court entered two orders that each addressed the child support arrearage.  The two orders, however, were inconsistent.  One of the orders, entitled "Order for Child Support Arrearage" stated, in relevant part, as follows:

> A question arose as to the interest rate on the arrearage owed by [husband] to [wife] for child support.  IT IS ORDERED that the Order of this Court entered on October 2 [sic], 1995, is amended to establish the arrearage for child support at $21,989.33. That amount of arrearage varied, starting on

-

> September 22, 1989, <u>but gradually increased</u>
> <u>to the amount indicated</u>, and that the amount
> of arrearage plus interest from September 22,
> 1989 to June 30, 1991 was at the rate of
> eight percent (8%), and from July 1, 1991 is
> at the rate of nine percent (9%) per year.

(Emphasis added.)  As originally drafted, the order contained the language "as of June 23, 1995" following the phrase "the arrearage for child support," but counsel for the parties struck through the language and initialed the change.  The order was endorsed by counsel for both parties.

The other order, entitled "Order for Change in Child Support," provided in a statement compliant with Code § 20-60.3 that "[a] support arrearage exist [sic] as of Sept. 22, 1989 in the amount of $21,989.33."  As originally drafted, the date referenced was "June 23, 1995," but counsel for the parties struck through it, inserted "Sept. 22, 1989" in its place, and initialed the change.  This order was also endorsed by counsel for both parties.

On August 31, 2000, the Virginia Department of Social Services, Division of Child Support Enforcement (DCSE), noting that it had to "interpret orders literally" and that its calculation was "based on a plain meaning reading" of the orders entered December 12, 1997, notified husband that it was "carrying an arrears balance totaling $71,686.16."  DCSE indicated that it would not oppose husband's motion to correct the Order for Change in Child Support under Code § 8.01-428(B)

-

and that husband's calculation of the arrearage as of July 7, 2000 —- $18,924.17 —- was "probably correct."

Husband filed a motion to correct the alleged error in the Order for Change in Child Support under Code § 8.01-428(B), and the trial court held a hearing on the motion on September 18, 2000. No evidence was presented at the hearing as to why counsel for the parties changed the dates in the two orders entered on December 12, 1997. Wife did not argue that an arrearage of $21,989.33 actually existed as of September 22, 1989, as recited in the Order for Change in Child Support. Instead, she argued the order was not amendable under Code § 8.01-421.

After hearing evidence on the motion, the trial court stated it was conceded that, in changing the date in the Order for Change in Child Support from June 23, 1995, to September 22, 1989, "an error . . . was made by the lawyers for each side." The court concluded that the Order for Change in Child Support was incorrect as to the amount of the child support arrearage. "[T]o not correct this," the court said, "is to really give a windfall to [wife]." The trial court also concluded that the Order for Child Support Arrearage, which indicated that the arrearage merely began to accrue on September 22, 1985, and only "gradually increased" to $21,989.33, correctly stated the arrearage "situation."

On November 15, 2000, the trial court entered an order striking the statement regarding the arrearage from the Order for

-

Change in Child Support, affirming the arrearage amount recited

in the Order for Child Support Arrearage, and finding that the

child support arrearage as of September 18, 2000 was $17,991.56.

The final paragraph of the trial court's order provided, in

pertinent part, as follows:

> Should neither party file a notice of appeal in this case, upon expiration of the time for filing an appeal [husband] shall pay forthwith to DCSE the sum of $17,991.56. Such payment shall be in full satisfaction of [husband's] child support obligations to [wife].

(Emphasis added.)  It is from this order that wife now appeals.

## II.  ANALYSIS

"[W]e review the trial court's statutory interpretations and

legal conclusions de novo."  Timbers v. Commonwealth, 28 Va. App.

187, 193, 503 S.E.2d 233, 236 (1998).

Wife admits on appeal that, as of September 18, 2000,

$17,991.56 was the actual amount of the child support arrearage.

She contends, however, that the trial court erred in finding

that the alleged error in the Order for Change in Child Support

was subject to revision under Code § 8.01-428(B).[1]  We disagree.

---

[1] Wife also argues on appeal that the trial court erred in entering the order of November 15, 2000 because it "contains no nunc pro tunc entry."  We will not consider this argument, however, as it was never raised before the trial court.  See Rule 5A:18; Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994); Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

-

Code § 8.01-428(B) provides:

> Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order.

Thus, the trial court may amend an order at any time to correct an error arising from oversight. "[T]he language of the statute clearly is broad enough to cover more than errors committed by the clerk or one of the clerk's employees." Lamb v. Commonwealth, 222 Va. 161, 165, 279 S.E.2d 389, 392 (1981). However, "[t]o invoke such authority the evidence must clearly support the conclusion that an error has been made." Artis v. Artis, 10 Va. App. 356, 359-60, 392 S.E.2d 504, 506 (1990).

Here, the interlineated change of the date in the Order for Change in Child Support rendered that order inconsistent with the Order for Child Support Arrearage, entered the same day, and with the previous orders entered in the case that addressed the child support arrearage. As DCSE and the trial court noted, and as wife effectively conceded, it conferred upon wife a substantial windfall to which she was not reasonably entitled.

Notwithstanding her concession, wife argues that the discrepancy in the Order for Change in Child Support did not arise from oversight because the interlineation in that order was initialed by the attorneys for both parties. However, she offered no explanation as to why the change was made.

-

"In the absence of any explanation as to why the parties and court might have intended to include inconsistent provisions or how both could be enforceable, the trial court had clear and convincing evidence to support its finding of a clerical error justifying correction." Cass v. Lassiter, 2 Va. App. 273, 278, 343 S.E.2d 470, 473 (1986); see also Artis, 10 Va. App. at 360, 392 S.E.2d at 506 (noting that, when no explanation is offered as to why parties made changes in language in in-court stipulation, court may presume that inconsistencies therein were unintended and are correctable). Accordingly, we hold that the trial court did not err in amending the Order for Change in Child Support to correct the error therein.

Wife also argues that the final paragraph of the order entered by the trial court on November 15, 2000 penalized her for appealing the order by relieving husband of having to make a lump-sum payment of the arrearage owed. We disagree. As husband acknowledges in his brief on appeal, the final paragraph of the order merely stays the execution of the lump-sum payment temporarily in the event the order is appealed.

For the foregoing reasons, we affirm the decision of the trial court and remand for implementation of the trial court's order that husband make full lump-sum payment of the arrearage owed.

Affirmed and remanded.

-