COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


VIRGINIA JOYCE MILLER SMITH

MEMORANDUM OPINION[*]
v.   Record No. 1111-97-3                    PER CURIAM
                                          NOVEMBER 10, 1997
RANDOLPH MCDONALD SMITH


FROM THE CIRCUIT COURT OF THE CITY OF SALEM
Glen A. Tyler, Judge

(Harvey S. Lutins; Jonathan S. Kurtin;
J. Emmette Pilgreen, IV; Charles N. Dorsey;
Lutins, Shapiro & Kurtin, on brief), for
appellant.

(Charles B. Phillips; Phillips & Swanson, on
brief), for appellee.


Virginia Joyce Miller Smith appeals from the trial judge's

equitable distribution decision.  She contends that the trial

judge erred by (1) valuing her business at $140,000; (2) finding

the Mason's Creek property to be the separate property of her

husband, Randolph McDonald Smith; and (3) failing to award her

attorney's fees.  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

See Rule 5A:27.

Business Valuation

The wife contends that no evidence supported the trial

judge's determination that her clothing business had a value of

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

$140,000. We disagree. The trial judge considered the evidence produced at the hearing, including the testimony of the parties' expert witnesses. That evidence proved that in 1985 the wife and her business partner invested approximately $140,000 for the business, inventory, equipment, and an agreement not to compete. The evidence also proved that the business' sales increased during the five years prior to the evidentiary hearing. Although a revolving line of credit was available to purchase inventory, no evidence proved that was a debt that remained outstanding. Approximately $31,000 in accounts payable existed as of the time of the hearing.

The trial judge determined the value of the wife's share in her business within the range supported by the evidence. Although the wife estimated that the business was worth $10,000, the trial judge found that value unrealistic because it was "an evaluation for the total business at a figure less than half of the amount of her annual salary withdrawn from the enterprise." "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997). Furthermore, the principle is well established that "[t]he finder of fact is not required to accept as conclusive the opinion of an expert." Lassen v. Lassen, 8 Va. App. 502, 507, 383 S.E.2d 471, 474 (1989). The trial judge

2

considered and weighed the testimony of the wife and the experts. We find the trial judge's valuation of wife's business supported by the evidence.

## Classification of Mason's Creek Real Estate

Under Code § 20-107.3(A)(1)(ii), separate property includes "all property acquired during the marriage by bequest, devise, descent, survivorship or gift from a source other than the other party." The husband proved that his mother deeded the property on Mason's Creek to him during the parties' marriage. Although the deed recited consideration of $15,000, husband testified that the property was a gift and that he did not pay any money to his mother as consideration. The wife asserted that the husband used marital funds to obtain this property. However, the husband's mother corroborated the husband's testimony in her deposition.

The trial judge found husband's testimony credible, particularly in light of the mother's pattern of giving husband, wife, and their children each $10,000 annually. The testimony regarding the annual giving and the lack of payment for the property was credible and rebutted the presumption that the facts set out in the deed were accurate. See Code § 8.01-389.

The wife also claimed that she made extensive renovations to the property and cleaned and repaired the home after it sustained flood damage. On this basis, the wife asserted that the property became partly marital property. The statute provides that

> [t]he increase in value of separate property
> during the marriage is separate property,
> unless marital property or the personal

3

efforts of either party have contributed to such increases and then only to the extent of the increases in value attributable to such contributions.  The personal efforts of either party must be significant and result in substantial appreciation of the separate property if any increase in value attributable thereto is to be considered marital property.

Code § 20-107.3(A)(1).

Although the wife testified that her efforts increased the value of the Mason's Creek property after a flood, her testimony proved that both she and the husband restored the property.  Upon review of the testimony, we cannot say that the wife presented evidence to require a finding as a matter of law that there was a substantial appreciation in the value of the home due to her significant personal efforts.  Accordingly, we conclude that credible evidence supports the trial judge's classification of this property as husband's separate property.

## Attorney's Fees

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.  See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).  The key to a proper award of counsel fees is reasonableness under all the circumstances.  See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).  The trial judge noted that the parties had individual financial resources and declined to order either to pay the other's fees.  We cannot say that this decision

4

was unreasonable or that the trial judge abused his discretion.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>