COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


KAREN A. McINTOSH
                                        MEMORANDUM OPINION[*]
v.   Record No. 0472-98-4                   PER CURIAM
                                         NOVEMBER 17, 1998
JOHN A. McINTOSH


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                     Jane Marum Roush, Judge

          (Stephen Andrew Armstrong, on brief), for
          appellant.

          No brief for appellee.



     Karen A. McIntosh (wife) appeals the decision of the circuit

court disbursing the proceeds from the sale of the parties'

former marital home.  The trial court reduced wife's portion of

the disbursed funds in order to pay attorney's fees incurred by

John A. McIntosh (husband) and the real estate commissioner's

fees.  Wife contends that the trial court abused its discretion

by (1) awarding fees to husband although wife prevailed in her

purchase offer; and (2) awarding fees without evidence to show

that the fees were reasonable and necessary under the

circumstances of this case.  Upon reviewing the record and wife's

opening brief, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

 See Rule 5A:27.

_____

         [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

The record on appeal includes a transcript of the January 30, 1998 hearing on husband's motion to disburse the proceeds of the sale of the marital home. We do not consider wife's written statement of facts which was not timely filed.

Under the terms of the parties' property settlement agreement executed in connection with their 1990 divorce, wife could remain in the marital home for five years. The parties agreed that, after five years, wife could buy husband's one-third interest in the home if they could agree on the purchase price. If the parties could not agree, the home would be sold and the parties would split the proceeds, with wife receiving two-thirds of that amount.

At the end of five years, the parties could not agree on the purchase price. Wife eventually purchased the property for $300,000 in October 1997, after the appointment of a special real estate commissioner. The proceeds were held by the clerk of the circuit court pending an agreement on disbursement.

By motion filed December 12, 1997, husband sought a final order disbursing the sale proceeds. He argued that he was entitled to an award of $5,200 in attorney's fees. He also argued that wife should be required to pay the real estate commissioner's fees of $15,844.50 from her two-thirds portion of the disbursement. Husband contended that wife unreasonably refused to cooperate in the sale of the property, requiring additional hearings and the appointment of the commissioner.

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.  See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).  The key to a proper award of counsel fees is reasonableness under all the circumstances.  See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).  Our review of the record demonstrates that the trial court's decision to impose attorney's fees and commissioner's fees on wife was not an abuse of discretion.  Wife was repeatedly ordered to show cause for failing to comply with existing court orders.  She was jailed for contempt following the August 22, 1997 hearing in which the commissioner presented evidence documenting wife's attempts to undermine the commissioner's efforts to sell the marital home. Interested buyers were unable to view the home, which was listed for sale at approximately $350,000.  While wife's offer of $300,000 was the offer finally accepted, her previous offers to purchase husband's share had been substantially lower.

The fees of both husband's counsel and the commissioner were supported by detailed billing records.  In addition, the trial court was familiar with the case and with the efforts expended by both husband's counsel and the commissioner.  Husband's attorney's fees and the commissioner's fees were directly attributable to wife's refusal to cooperate.  Therefore, we find no abuse of discretion in the trial court's decision to require

wife to pay both fees.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed</u>.
