COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Annunziata and Bumgardner
Argued at Salem, Virginia


THE ESTATE OF GERALD LEONARD CUMMINGS

MEMORANDUM OPINION[*] BY

v.    Record No. 1361-99-3          JUDGE SAM W. COLEMAN III
                                       FEBRUARY 29, 2000

PAMELA GREENWOOD (CUMMINGS)


FROM THE CIRCUIT COURT OF ROANOKE COUNTY
A. Dow Owens, Judge Designate

Barry M. Tatel (Neil E. McNally; Key, Tatel &
McNally, P.C., on brief), for appellant.

T. Rodman Layman (K. Mike Fleenor, Jr.;
Crowell, Nuckols, Layman, Aust & Fleenor, on
brief), for appellee.


The estate of Gerald Leonard Cummings[1] appeals the trial

court's award of $35,000 in attorneys' fees to Pamela Cummings

following remand of her appeal of the equitable distribution

issues.  The estate argues that on remand the trial court had no

authority to conduct an evidentiary hearing and to award

attorneys' fees because this Court's opinion ordering that the

case be remanded on equitable distribution issues did not enable

the court to reconsider an award of attorneys' fees.  The estate

---

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

[1] During the pendency of the proceedings, Gerald Cummings
died and his estate was substituted as the complainant in the
trial court.

also argues that the record failed to contain sufficient evidence to support the reasonableness of the $35,000 award of attorneys' fees. In addition, the estate claims the trial court erred by failing to deduct the $1,060.90 in costs awarded to Gerald Cummings on appeal from the amount of the monetary award to Pamela Cummings. We find that our remand order did not direct the trial court to reconsider and redetermine the award of attorneys' fees. Accordingly, we reverse that aspect of the trial court's judgment. Because the award for appellate costs is separate and distinct from the equitable distribution award, we disagree with the estate's contention that the trial court erred by failing to deduct the amount of appellate costs awarded to Gerald Cummings from the monetary equitable distribution award.

### BACKGROUND

On May 5, 1993, the trial court granted Pamela Cummings a decree of divorce on the ground of desertion. Gerald Cummings appealed the equitable distribution of the marital assets and the trial court's award of $35,000 in attorneys' fees to Pamela Cummings. Pamela Cummings cross-appealed, asserting that she was entitled to attorneys' fees for defending the appeal.

The appeal concerned, among other things, the equitable distribution of three parcels of real property. In an unpublished opinion, we reversed the trial court's ruling with respect to two of the parcels and affirmed the court's ruling as to the third. See Cummings v. Cummings, No. 2645-94-3 (Va. Ct. App. Feb. 6,

- 2 -

1996).  We also held that the record failed to support the award of $35,000 in attorneys' fees and that Pamela Cummings was not entitled to any award for attorneys' fees for services rendered on her behalf in the appeal.  We said in our panel opinion that:

> [w]hile factors other than time expended may be considered in awarding [an attorney's] fee, see McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985), without any evidence of the time expended, we find no support in the record to justify requiring husband to pay $35,000 to wife as attorney's fees.

Thereafter, we remanded the case to the trial court, noting that:

> [o]ur judgment with respect to the [parcels of property] is final, and upon remand the trial court shall enter an award in accordance therewith, taking into consideration any and all appropriate deductions.  Additionally, the trial court may deal with any and all other matters necessary to a proper adjudication of the case.

(Emphasis added).  In addition, Gerald Cummings, as the party substantially prevailing on appeal, was awarded $1,060.90 in appellate costs.

On remand, the trial court, relying upon the foregoing language that it "may deal with . . . all other matters necessary to a proper adjudication of the case" construed the clause as authorizing it to reconsider attorneys' fees.  After conducting a hearing, the trial court stated that "it [had] jurisdiction to order attorney fees since the Respondent

prevailed on the issue of fault and it is necessary to a proper adjudication of the case."  The trial court reviewed the time sheets submitted by Pamela Cummings' attorneys and stated that

> [t]he trial judge in the equitable
> distribution and fault phases of this matter
> was in a far better position to place a
> value on the services provided than I am at
> this date.  Accordingly, I am of the opinion
> and so hold that the award of $35,000.00
> attorney fees is reasonable and direct that
> the same be disbursed in the same ratio as
> the bills submitted . . . .

At the remand hearing, Gerald Cummings also argued that in determining Pamela Cummings' net monetary equitable distribution award, the trial court should deduct the appellate costs awarded to him.  The trial court, however, elected not to deduct the costs from Pamela Cummings' net monetary award.

ANALYSIS

A.  Attorneys' Fees

The estate argues that the trial court erred on remand in conducting another evidentiary hearing and in awarding attorneys' fees to Pamela Cummings.  We agree.  As the estate notes, our opinion in the previous appeal did not direct or authorize the trial court on remand to hear additional evidence regarding an award of attorneys' fees to Pamela Cummings.  We held that the record did not support the trial court's award of attorneys' fees to Pamela Cummings and reversed that portion of the trial court's order.  We noted that despite the opportunity afforded to her by the trial court, she failed to present evidence to

- 4 -

justify the award. The remand order authorized the trial court to consider "all other matters necessary to a proper adjudication of the case," which included entry of an order effectuating the equitable distribution rulings, and reconsideration of any prior rulings that might have been affected by reversing the equitable distribution award.

That directive in the opinion did not authorize reopening the case on remand for an evidentiary hearing regarding attorneys' fees, an issue that had been litigated. See Rusty's Welding Service, Inc. v. Gibson, 29 Va. App. 119, 129, 510 S.E.2d 255, 260 (1999) (en banc) (noting the general principle that courts have the authority to interpret their own orders). Furthermore, except when specifically authorized, a remand does not permit a trial court to reopen an order to allow the parties a second opportunity to litigate an issue previously litigated or which the parties had the opportunity to litigate. See Antonelli v. Antonelli, 242 Va. 152, 409 S.E.2d 117 (1991). To allow Pamela Cummings to present additional evidence to the trial court upon remand regarding the amount and reasonableness of attorneys' fees would be to allow her to prove on remand that which she failed to prove in the first instance. We did not hold that the amount of the attorneys' fee award was excessive based upon the record and remand for reconsideration on the record. Although an award of nominal attorney's fees based upon customary charges in a jurisdiction may be upheld in the absence

of time records, see McGinnis, 1 Va. App. at 277, 338 S.E.2d at 162, that was not the issue in the first appeal.  The evidence was insufficient to support anything other than a nominal award. On remand, the trial court did not set a nominal award but instead admitted additional evidence to determine the amount of a reasonable award based on time expended and services rendered. Further consideration of the issue was barred by res judicata. "The bar of res judicata precludes relitigation of the same cause of action, or any part thereof, which could have been litigated between the same parties and their privies."  Smith v. Ware, 244 Va. 374, 376, 421 S.E.2d 444, 445 (1992). Accordingly, the judgment relating to the award of attorneys' fees is reversed.

## B.  Statement of Costs on Appeal

The estate also argues that the trial court erred by failing to deduct the amount of appellate costs awarded to Gerald Cummings from the net monetary equitable distribution award to Pamela Cummings.

The assessment by the Court of Appeals of costs on appeal pursuant to Code §§ 17.1-605 and 17.1-624 and Rule 5A:30 are separate and distinct from a trial court's monetary award pursuant to Code § 20-107.3.  A trial court does not err by failing or refusing to deduct the award of appellate costs from

this Court from the trial court's monetary equitable distribution award.[2]

Thus, we reverse and vacate the trial court's award of $35,000 in attorney's fees, and we affirm the trial court's decision not to deduct appeal costs from the equitable distribution award.

<u>Affirmed in part,
reversed and
vacated in part.</u>

---

[2] Pursuant to Rules 5A:30 and 31, the costs on appeal are awarded in the mandate of this Court and are then taxed in the judgment of the trial court.