COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Clements and Senior Judge Bray

HAMPTON JEFF TURNER, JR.

v. Record No. 2926-02-3

PATRICIA LAYMAN TURNER

MEMORANDUM OPINION*
PER CURIAM
APRIL 29, 2003

FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
George E. Honts, III, Judge

(Barry M. Tatel; Neil E. McNally; Key, Tatel & McNally, P.C., on brief), for appellant.

(William C. Maxwell; Osterhoudt, Prillaman, Natt, Helscher, Yost, Maxwell & Ferguson, PLC, on brief), for appellee.

Hampton Jeff Turner, Jr. (husband) appeals from a final decree of divorce. On appeal, he contends the trial court abused its discretion in awarding Patricia Layman Turner (wife) spousal support and attorney's fees. Upon reviewing the record and the briefs, we conclude that this appeal is without merit. Accordingly, we summarily affirm this appeal. See Rule 5A:27.

## BACKGROUND

The parties were married in November 1990. They had previously been married to each other. During the marriage, wife experienced numerous health issues and several surgical

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

operations, including one to remove defective breast implants. Wife also suffered from fibromyalgia, chronic fatigue, migraine headaches, and sleep disorders. Wife testified that, due to her health problems, she became unable to work in her occupation as a hair stylist, and she applied for disability benefits. At the time of the hearing, wife was receiving $637 per month in social security disability benefits. Wife turned sixty-two years old in the year 2002.

Wife received a $75,000 settlement payment from a lawsuit regarding the defective breast implants. Wife stated that she spends $500 per month on medications, and she estimated her total monthly living expenses were $2,308. After the parties separated, wife purchased a new house using some of the money from the breast implant settlement and a loan from her father.

At the July 16, 2002 hearing, wife testified that after she stopped working, husband's attitude changed. He often called her a "bitch," and they argued frequently. Wife also stated that the five acres on which the couple lived had once been a beautiful, natural property. However, husband accumulated 124 old cars, numerous car parts, and piles of tires on the property. He also acquired a bus full of bicycles, a sixty-foot trailer, and he had filled the garages with numerous items. Wife asked husband to clean up the property, but he never did. Husband also put plywood over some of the windows in the house several years ago as protection against a hurricane, and he never removed the wood

despite wife's repeated requests. Photographs and a videotape of the property were admitted into evidence.

Wife testified that husband had no respect for her attempts to keep the house clean and he often entered the house wearing dirty, greasy clothes. Wife stated that husband wore dirty shoes to bed, leaving dirt and gravel in the bed.

Wife testified that she attempted to work on the marriage and, for a while, the couple attended a marriage program at a church. At one point, wife asked husband if he wanted her to stay and he replied, "Hell, no. I want your ass out of here." Wife moved out of the marital residence on January 16, 2001.

Wife testified that she attempted to settle the divorce amicably, and had made husband a settlement offer. However, husband refused to settle, stating, "I'm going to let the judge decide."

Husband retired from his job in 1997 when he was in his mid-fifties, and he receives $1,677 per month in retirement benefits. He testified that wife continues to cut hair, although she is not employed at a beauty salon. He stated that he has had to borrow money in order to pay wife the *pendente lite* spousal support award of $500 per month. Husband agreed that he and wife often argued during the marriage.

The trial court found that husband was verbally abusive to wife, called her "bitch," and was demeaning to her. In its opinion letter of July 19, 2002, the court found that wife was

justified in leaving the marital home after husband told her he wanted her "ass out of here." The trial court awarded wife a divorce on the grounds of desertion. The trial court further found that wife had established a need for spousal support, but husband had "limited means to provide support." The court awarded wife a lump sum spousal support payment of $7,500 to be paid upon the division of the parties' real property. The trial court found that the majority of the marital estate was in real property and was valued at $169,474. The court ordered that the marital estate be divided equally among the parties. In addition, the court awarded wife $4,000 in attorney's fees.

## ANALYSIS

"The court, in its discretion, may decree that maintenance and support of a spouse be made in periodic payments, or in a lump sum award, or both." Code § 20-107.1.

"Whether and how much spousal support will be awarded is a matter of discretion for the trial court." Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998). "In fixing the amount of the spousal support award, . . . the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion. We will reverse the trial court only when its decision is plainly wrong or without evidence to support it." Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992) (citations omitted).

Husband asserts that the trial court erred in awarding wife spousal support because the award was premised on the finding that husband constructively deserted wife. Husband then argues that the evidence did not support a finding of constructive desertion. However, husband did not present this argument to the trial court. Rather, husband noted his objections on the final divorce decree as follows: "I object to the allowance of spousal support, attorney's fees, and the equitable distribution award." Thus, husband did not challenge the trial court's finding that he deserted the marriage.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this question on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Furthermore, the record indicates that the trial court did not base the spousal support award solely on the finding that husband deserted the marriage. Rather, in its July 19, 2002 opinion letter addressing spousal support, the trial court referenced its other July 19, 2002 opinion letter regarding equitable distribution and the factors listed in Code § 20-107.1. In the opinion letter concerning equitable distribution, the trial court specifically addressed many of the

factors listed in Code § 20-107.1, including the duration of the marriage, the parties' ages and physical conditions, the property interests of the parties, the standard of living during the marriage, the contributions of each party to the marriage, the distribution of the marital property, and the earning capacities of the parties. Thus, the trial court considered the relevant factors listed in Code § 20-107.1 in making the spousal support award.

Moreover, because husband had "limited means" to provide spousal support and because the majority of the marital estate consisted of real property, the evidence supported the trial court's award of a lump sum payment to wife to be made upon the division of the marital property. Accordingly, the trial court did not abuse its discretion in awarding wife spousal support.

Husband argues that the trial court abused its discretion in awarding wife $4,000 of her attorney's fees. Wife asserts that she incurred over $9,000 in attorney's fees and costs due to husband's lack of cooperation during the divorce.

"An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

Wife testified that she attempted to settle the divorce amicably and husband refused to settle. Based on the circumstances of this case, we cannot say the trial court abused its discretion in awarding wife $4,000 of her attorney's fees.

Therefore, we summarily affirm the decision of the trial court.

Affirmed.