COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Frank and Clements

HEATHER R. McDONALD

MEMORANDUM OPINION[*]

v.        Record No. 2531-03-4                                PER CURIAM
                                                                          MARCH 23, 2004
BENNETT L. MINTON

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Leslie M. Alden, Judge

(David D. Masterman; Masterman & Graham, P.C., on brief), for
appellant.

(Edward V. O'Connor, Jr., on brief), for appellee.


Heather McDonald appeals a decision of the trial judge finding her in contempt of court for

violating the visitation provisions of the parties' final divorce decree. She also appeals the trial

judge's award of attorney's fees to Bennett Minton, her former husband. Upon reviewing the

record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we

summarily affirm the decision of the trial judge. See Rule 5A:27.

Background

"Under familiar principles we view [the] evidence and all reasonable inferences in the

light most favorable to the prevailing party below." Martin v. Pittsylvania County Dep't of Soc.

Servs, 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).

The parties had two children during their marriage and divorced in May 2001. The final

divorce decree incorporated the parties' Property, Custody and Support Settlement Agreement,

which provided that McDonald had physical custody of the children. The agreement also specified

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the terms of Minton's visitation rights with the children. In January 2003, Minton filed a rule to show cause, alleging that McDonald had prevented him from exercising his visitation rights with the children and requesting that the trial judge find McDonald in contempt of the final divorce decree.

On March 13, 2003, the trial judge held a hearing on the show cause matter. The judge concluded that McDonald did not permit visitation in accordance with the final divorce order. However, the trial judge stated, "I am not prepared to find her in contempt of court today. Instead, what I'm going to do is continue this case for a period of approximately six months . . . ." The trial judge also stated that the parties should continue in therapy, take a parenting class, and improve their communications. Both parties requested attorney's fees, but the trial judge reserved a ruling on that issue until the next hearing. The parties set a hearing date for September 11, 2003, and the court order entered on March 13, 2003 incorporated by reference the trial judge's findings.

At the September 11, 2003 hearing, the trial judge heard arguments from counsel for the parties concerning what had transpired between the parties since the March hearing. The judge stated that her hope in March had been that the parties would "start acting like sensible adults. It appears that that has not happened." The trial judge concluded from her review of her March ruling that she previously found McDonald was in violation of the court order. She then found McDonald in contempt of court. The judge also awarded Minton $3,000 in attorney's fees to be paid out of McDonald's proceeds from the sale of the marital residence. McDonald appeals these rulings.

Analysis

McDonald contends that the trial judge's September 11 finding that McDonald was in contempt was made more than twenty-one days after the entry of the March 13 final order in which

- 2 -

the judge did not find McDonald was in contempt for the same allegation. She argues the September 11 ruling violates Rule 1:1.[1]

A final order is defined as "'one which disposes of the whole subject, gives all of the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the order.'" Burns v. Equitable Associates, 220 Va. 1020, 1028, 265 S.E.2d 737, 742 (1980) (citation omitted).

Clearly, the March 13 court order was not a final order. The order incorporated the trial judge's findings made at the hearing. During the hearing, the trial judge stated that, although she found McDonald had violated the visitation terms of the final divorce decree, the judge was not prepared to find McDonald in contempt of court "today." The judge continued the case until September and ordered that both parties work toward establishing better communications. Therefore, the March 13 order, by continuing the matter, did not dispose of the whole subject or give all the relief contemplated. Accordingly, the trial judge did not violate Rule 1:1 when, on September 11, she found McDonald in contempt of a court order.

McDonald also contends the trial judge abused her discretion in awarding Minton attorney's fees. "Judges presiding over contempt proceedings in divorce suits have the discretion to award counsel fees." Sullivan v. Sullivan, 33 Va. App. 743, 753, 536 S.E.2d 925, 930 (2000). "[T]he key to a proper award of counsel fees [is] . . . reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

The trial judge found that McDonald had violated the visitation provisions of the divorce decree and she was in contempt of court. In addition, "[n]o evidence prove[d] the judge abused h[er] discretion in awarding fees." Id. Furthermore, paragraph six of the parties' Property, Custody

_____

[1] Rule 1:1 provides, in part: "All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer."

and Support Settlement Agreement specified that the parties agreed that counsel fees incurred by a party in the successful enforcement of any provision of the agreement shall be paid by the non-compliant party.  Therefore, the trial judge did not abuse her discretion in awarding Minton attorney's fees.

Minton asks for an award of attorney's fees incurred by him on appeal.  Upon consideration of the entire record in this case, we hold that Minton is entitled to a reasonable amount of attorney's fees.  See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  Accordingly, we remand the matter to the trial court for it to determine the proper amount of the award.

For these reasons, the decision of the trial judge is affirmed.

Affirmed and remanded.