COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Senior Judge Coleman


ROBERT M. BEW, II

                                                            MEMORANDUM OPINION[*]
v.        Record No. 2257-11-2                                    PER CURIAM
                                                              APRIL 17, 2012
STEPHANIE B. BEW


                FROM THE CIRCUIT COURT OF HANOVER COUNTY
                            J. Overton Harris, Judge

              (Robert M. Bew, II, *pro se*, on brief).

              (Robert L. Isaacs, on brief), for appellee.


        Robert M. Bew, II (husband) appeals from a final decree.  Husband argues that the trial

court erred in not granting his request for a continuance pursuant to its Local Rule No. 4[1] in order to

be heard on Stephanie B. Bew's (wife) request for attorney's fees.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  See Rule 5A:27.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Hanover County's Local Rule No. 4(B) provides:

              In any civil or criminal case, a continuance will not be granted
              within 30 days of a trial or hearing date absent good cause shown.
              Good cause warranting a continuance of a trial or hearing shall be
              limited to:

                      *      *      *      *      *      *      *

              (2) lack of notice to a party, through no fault of that party or the
              party's counsel . . . .

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

So viewed, husband and wife married on February 23, 2002 and separated on July 10, 2010. In September 2010, the parties executed a property settlement agreement dated August 8, 2010. On July 27, 2011, husband filed, *pro se*, a complaint for divorce. On August 18, 2011, wife, by counsel, filed an answer and counterclaim, to which husband filed an answer to the counterclaim. By letter dated September 3, 2011, husband notified the trial court and wife's counsel of a change of his address. Wife's counsel conducted no-fault depositions, after mailing a copy of the notice to husband at his new address, and then filed a notice and motion regarding the entry of the final decree. On September 27, 2011, wife's counsel mailed a copy of the notice and motion to husband at his new address. On October 12, 2011, the same date as the hearing to enter the final decree, the trial court received a letter from husband who requested a continuance of the hearing because he was going to be out of town for a job interview. He stated that he was not provided any notice of the hearing, but learned of the hearing when he "pulled [his] case up to make sure [he] had the correct case number in order to file [his] remaining documents."

On October 12, 2011, the trial court denied husband's request for a continuance and entered the final decree of divorce as presented by wife's counsel. The trial court awarded wife $960 for her attorney's fees. This appeal followed.[2]

---

[2] Husband included a written statement of facts in his notice of appeal, but he did not prepare the appropriate notice as required by Rule 5A:8(c)(1). He later filed another written statement of facts, but again did not file the requisite notice. Moreover, that written statement of facts was not filed within fifty-five days after entry of the final order as required by Rule 5A:8(c). Although he did not comply with Rule 5A:8, we conclude that a transcript or written statement of facts is not indispensable to a determination of the issue on appeal. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).

ANALYSIS

Husband argues that the trial court erred in denying his continuance request.  Husband

asserts that as a *pro se* party, he should have been served with notice of the hearing to enter the

final decree of divorce.

Code § 20-99(4) states:

> In cases where such suits have been commenced and an
> appearance has been made on behalf of the defendant by counsel,
> then notices to take depositions and of hearings, motions, and other
> proceedings except contempt proceedings, may be served by
> delivering or mailing a copy to counsel for opposing party, the foot
> of such notices bearing either acceptance of service or a certificate
> of counsel in compliance with the Rules of the Supreme Court of
> Virginia.  "Counsel for opposing party" shall include a pro se party
> who (i) has entered a general appearance in person or by filing a
> pleading or endorsing an order of withdrawal of that party's
> counsel, or (ii) has signed a pleading in the case or who has
> notified the other parties and the clerk that he appears in the case.

Husband initiated the legal process by filing the complaint for divorce, so he "signed a

pleading in the case."  Id.  Wife's counsel mailed a copy of the notice and motion of the entry of

the final decree to husband at the mailing address that he provided.  Pursuant to Code § 20-99,

wife's counsel provided sufficient notice to husband of the upcoming hearing.

Husband contends Local Rule No. 4 applies in his situation; however, he did not present

this argument to the trial court.  We "will not consider an argument on appeal which was not

presented to the trial court."  Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484,

488 (1998).

> The decision to grant a motion for a continuance is within the
> sound discretion of the circuit court and must be considered in
> view of the circumstances unique to each case.  The circuit court's
> ruling on a motion for a continuance will be rejected on appeal
> only upon a showing of abuse of discretion and resulting prejudice
> to the movant.

Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007).

Husband presented no evidence that the trial court abused its discretion in denying his continuance request. He contends that he should have had an opportunity to be heard regarding the attorney's fees issue. "'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'" Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). The award of attorney's fees was reasonable considering the circumstances of the case.

Accordingly, the trial court did not err in denying husband's request for a continuance.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.