COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Bumgardner


CATHERINE WU LAING

                                                                MEMORANDUM OPINION[*]
v.      Record No. 2550-11-4                                         PER CURIAM
                                                                    MAY 15, 2012
ALEXANDER MARK LAING


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              Dennis J. Smith, Judge

            (Catherine Wu Laing, *pro se*, on briefs).

            (Cory Frederick Goriup; Surovell Isaacs Petersen & Levy, PLC, on
            brief), for appellee.


        Catherine Wu Laing (wife) appeals a final order of divorce, which the trial court entered on

November 18, 2011.  Wife argues that the trial court erred by (1) denying wife's continuance

request because she was incapable of testifying at the hearing; (2) ruling that the former marital

residence was to be sold and ordering that the parties are to divide equally the costs of the repairs,

but not providing any specific deadlines or amounts; (3) holding that certain retirement assets were

Alexander Mark Laing's (husband) separate property; and (4) awarding husband $4,690 for his

attorney's fees and costs.  Upon reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.[1]

See Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On April 9, 2012, appellant filed a "Motion to Supplement Joint Appendix," to which
appellee filed a response.  Upon consideration whereof, the motion is denied.
        On April 26, 2012, appellant filed a "Motion for Emergency Restraining Order and
Continuance."  Upon consideration whereof, the motion is denied.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

The parties married on October 13, 2002, separated on February 25, 2009, and divorced on November 18, 2011. A final hearing was scheduled for November 2, 2011. The night before the trial, husband's counsel received an e-mail from wife who said that she could not attend the hearing. Wife also sent a package via Federal Express explaining that she could not attend the hearing for medical reasons and requested a continuance. On November 2, 2011, the trial court noted wife's absence and found that the documents she provided to support her request for a continuance were not current. The trial court stated that the documents she provided did not "indicate that she's currently having any problem or difficulty, which would result in her inability to be here today." The trial court then denied wife's request for a continuance.

The trial court ruled the former marital residence was to be sold and the proceeds or deficiency were to be divided equally. The trial court further held that wife's IRA was marital property to be divided equally. The marital share of husband's 401K plan was to be divided equally, and the remainder of husband's 401K plan was husband's separate property. Husband's IRA was his separate property. The trial court previously awarded husband $690 for his attorney's fees, and at the final hearing, the trial court awarded husband an additional $4,000 in attorney's fees.

The trial court scheduled a hearing for November 18, 2011 for presentation of the final decree. Wife appeared at the hearing and noted her objections to the final decree. The trial court entered the order.

On December 7, 2011, wife timely filed a motion for reconsideration, but she did not present or secure the entry of an order suspending the finality of the November 18, 2011 order, which became final on December 9, 2011. Rule 1:1. On January 6, 2012, the trial court entered an order denying the motion for reconsideration. That ruling is not appealed. Therefore, we consider the case on the pre-decree record, the November 18, 2011 final order, and the exceptions noted on that order.

## ANALYSIS[2]

### Continuance Request

Wife argues that the trial court erred in denying her continuance request due to her inability to attend the November 2, 2011 hearing.

> The decision to grant a motion for a continuance is within the sound discretion of the circuit court and must be considered in view of the circumstances unique to each case. The circuit court's ruling on a motion for a continuance will be rejected on appeal only upon a showing of abuse of discretion and resulting prejudice to the movant.

Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007).

The day before the scheduled trial, wife requested a continuance. She submitted medical documents to support her request. The trial court reviewed the documents and found that none of them addressed her current medical situation nor did they confirm that she was unable to attend the hearing. The trial court did not abuse its discretion in denying wife's motion for a continuance.

---

[2] Aside from the four assignments of error, appellant raises numerous other issues in her brief. Since the arguments were not presented as assignments of error pursuant to Rule 5A:20(c), nor were they preserved pursuant to Rule 5A:18, we will not consider them. Wife acknowledges in her brief that she did not preserve all of her arguments. She requests that we invoke the good cause and ends of justice exceptions to Rule 5A:18. We decline to do so. There was no miscarriage of justice in this case, and neither exception applies.

## Former Marital Residence

Appellant argues that the trial court erred in its distribution of the former marital residence.

On appeal, "decisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994) (citing Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990)).

Here, the trial court held that the former marital residence was to be sold and the net proceeds, or deficiency, would be divided equally among the parties. The trial court also ruled that "[e]ach party shall advance half of the necessary repair / fix-up costs when presented by the realtor to each party." Wife contends the trial court should have set a "specific amount and time" to the repairs because she has to use her inheritance to pay for the repairs. Wife further questions the value of the marital residence; however, the trial court did not award a specific dollar amount to either party for their interest in the marital residence. Instead, the trial court ordered that the marital residence be sold and the proceeds or deficiency divided equally.

The trial court did not abuse its discretion in ordering the parties to divide the necessary repairs to sell the home. Furthermore, the trial court did not abuse its discretion in ordering the sale of the home.

## Retirement Assets

As her third assignment of error, wife argues that the trial court erred in finding that certain retirement accounts were husband's separate property. However, in the argument section of her brief, wife contends the trial court erred in its valuation of the retirement accounts. Wife does not mention classification in the argument section of her brief. Therefore, we consider this assignment of error waived. See Muhammad v. Commonwealth, 269 Va. 451, 478, 619 S.E.2d

16, 31 (2005) ("Failure to adequately brief an assignment of error is considered a waiver." (citation omitted)).

We do not address wife's argument regarding the trial court's valuation of the retirement assets because it was not included as an assignment of error pursuant to Rule 5A:20(c). Furthermore, she did not preserve this argument in the trial court as required by Rule 5A:18 because it was not one of her objections to the final order.

A *pro se* litigant appearing "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 657 (1987); see also Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999) ("Even *pro se* litigants must comply with the rules of court.").

### Attorney's Fees and Costs Awarded by the Trial Court

Wife argues that the trial court erred in awarding husband $4,690 for his attorney's fees and costs.

"'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'" Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

Husband presented evidence that he incurred $13,720 in attorney's fees and $629.33 in costs, for a total of $14,349.33 as of November 2, 2011. Considering the circumstances of this case, the trial court's award of attorney's fees in the amount of $4,690 is reasonable.

<u>Attorney's Fees Incurred on Appeal</u>

Husband asks this Court to award him attorney's fees incurred on appeal.  <u>See</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  Having reviewed and considered the entire record in this case, we hold that husband is entitled to a reasonable amount of attorney's fees, and we remand for the trial court to set a reasonable award of attorney's fees incurred by husband in this appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27. We remand this case to the trial court for determination and award of the appropriate appellate attorney's fees.

<u>Affirmed and remanded.</u>