UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, McCullough and Senior Judge Bumgardner


BRENT C. BOUSMAN

MEMORANDUM OPINION[*]
v.        Record No. 1102-13-4          PER CURIAM
NOVEMBER 26, 2013

CAITLIN K. LHOMMEDIEU


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Michael F. Devine, Judge

(K. Stewart Evans, Jr.; EvansStarrett PLC, on briefs), for appellant.

(Stephen G. Cochran; Roeder, Cochran & Haight, PLLC, on brief),
for appellee.


This is the fourth time that these parties have appeared in this Court since 2011. In the first

appeal, Bousman v. Lhommedieu, No. 0932-11-4 (Va. Ct. App. Jan. 24, 2012) (Bousman I), we

affirmed the trial court's enforcement of a provision of the parties' settlement agreement requiring

Bousman to pay half of his son's college expenses. In the second appeal, Bousman v.

Lhommedieu, No. 1109-12-4 (Va. Ct. App. Mar. 19, 2013) (Bousman II), we affirmed the trial

court's finding that Bousman was in contempt of court for refusing to pay the attorney's fees as

ordered by the trial court. In the third appeal, Bousman v. Lhommedieu, No. 2289-12-4

(Va. Ct. App. July 9, 2013) (Bousman III), we affirmed the trial court's holding that the court had

no authority to judicially modify the parties' settlement agreement with respect to their son's college

expenses. The present case arises from Bousman II and this Court's award of appellate attorney's

fees and costs awarded to Lhommedieu. On remand, the trial court awarded $26,138.50 to

Lhommedieu, which represented her "reasonable attorneys' fees and costs for the appeal . . . ."

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Bousman argues that the trial court erred by (1) entering its May 20, 2013 order awarding attorney's fees and costs to Lhommedieu because the trial court did not have jurisdiction to enter the April 28, 2011 order and subsequent related orders; (2) awarding $26,138.50 to Lhommedieu because she failed to meet her burden of proof that the fees and costs were reasonable and necessary; (3) awarding attorney's fees and costs to Lhommedieu because she failed to present any evidence that specified which fees and costs were for issues based upon the April 28, 2011 order and which fees and costs were for the appeal of the May 21, 2012 order; (4) awarding Lhommedieu fees and costs that included fees and costs related to the preparing, filing, and presenting of her motion for fees when the Court of Appeals awarded her only fees and costs related to Bousman II; and (5) depriving Bousman of his due process rights, as well as his right to equal protection under the law because "the applicable facts and law clearly required the Circuit Court to rule that [the] April 28, 2011 [order] is void as are all subsequent proceedings based upon the April 28, 2011 Order . . . ." Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

On March 30, 2011, the trial court ordered Bousman to pay $27,312.45 for his share of his son's college expenses.[1] The trial court took under advisement Lhommedieu's request for fees. On April 28, 2011, the trial court entered an order awarding $20,000 in attorney's fees to Lhommedieu. Bousman was subsequently held in contempt for his failure to pay the attorney's fees as ordered in the April 28, 2011 order.[2]

_____

[1] This order was the subject of Bousman I.

[2] This order and the subsequent contempt findings were the subject of Bousman II.

In <u>Bousman II</u>, this Court remanded "to the trial court solely for a determination of the amount of attorneys' fees and costs to be awarded for mother's successful litigation of this appeal." <u>Bousman</u>, No. 1109-12-4 (Va. Ct. App. Mar. 19, 2013). Bousman subsequently filed a petition for rehearing en banc and argued that the March 30, 2011 order was a final order. He asserted the circuit court lost jurisdiction to enter the April 28, 2011 order, and all subsequent proceedings based on the April 28, 2011 order were void. On April 10, 2013, this Court denied Bousman's petition for rehearing. <u>Bousman v. Lhommedieu</u>, No. 1109-12-4 (Va. Ct. App. Apr. 10, 2013). Bousman filed a petition with the Supreme Court based on the same argument that the April 28, 2011 order and all subsequent orders were void. The Supreme Court declined to hear Bousman's appeal. <u>Bousman v. Lhommedieu</u>, No. 130770 (Va. Aug. 20, 2013).

On May 10, 2013, the parties appeared before the trial court on the remand issue from <u>Bousman II</u>. Lhommedieu's counsel submitted an attorney's fee affidavit, which showed that Lhommedieu had incurred $23,611.50 in attorney's fees and $497 in costs defending Bousman's appeal. The affidavit further reflected that counsel had reduced his customary rate of $450 per hour to $400 per hour, as a "professional courtesy." Counsel later supplemented the attorney's fee affidavit with charges in the amount of $2,690 for his preparation and attendance at the hearing on May 10, 2013. At the hearing, Bousman argued that the trial court did not have jurisdiction to enter the April 28, 2011 order – the same argument he raised in his petition for rehearing with this Court. After listening to counsel's argument, the trial court took the matter under advisement and gave Bousman an opportunity to file any objections he had to specific charges listed in the attorney's fee affidavits. Bousman filed a supplemental opposition and reiterated his argument that the trial court did not have jurisdiction to enter the April 28, 2011 order. He also asserted that the affidavits included some fees related to the preparation, filing, and presentation of the motion for fees, which this Court did not specifically award. Lhommedieu filed a response and requested an award of

$26,301.50.  On May 20, 2013, the trial court entered an order awarding Lhommedieu $26,138.50 in attorney's fees and costs.  Bousman appeals this ruling.

ANALYSIS

*April 28, 2011 order*

Bousman argues that the trial court did not have jurisdiction to enter the April 28, 2011 order regarding attorney's fees.  In Bousman II, he raised the exact same issue of the trial court's jurisdiction in his petition for rehearing.  This Court denied the petition for rehearing.  Bousman v. Lhommedieu, No. 1109-12-4 (Va. Ct. App. Apr. 10, 2013).  Bousman filed a petition for appeal with the Supreme Court of Virginia and made the same arguments he is making in this appeal.  The Supreme Court of Virginia declined to hear the appeal.  Bousman v. Lhommedieu, No. 130770 (Va. Aug. 20, 2013).

> "The [law of the case] doctrine, briefly stated, is this:  Where there have been two appeals in the case, between the same parties, and the facts are the same, nothing decided on the first appeal can be re-examined on a second appeal.  Right or wrong, it is binding on both the trial court and the appellate court, and is not subject to re-examination by either."

Kaufman v. Kaufman, 12 Va. App. 1200, 1208, 409 S.E.2d 1, 6 (1991) (quoting Steinman v. Clinchfield Coal Corp., 121 Va. 611, 621, 93 S.E. 684, 687 (1917)).  "'The rule also applies where the question raised on the second appeal was necessarily involved in the first appeal, whether actually adjudicated or not.'"  Id. at 1209, 409 S.E.2d at 6 (quoting Steinman, 121 Va. at 621, 93 S.E. at 687).

Here, the parties are the same in this case as they were in Bousman II.  Bousman is making the exact same argument in this appeal that he made in his petition for rehearing in Bousman II and in his petition for appeal to the Supreme Court of Virginia from Bousman II.  This Court and the Supreme Court of Virginia entered denial orders relating to his pleadings.

- 4 -

Bousman's arguments have been considered and rejected. His assignment of error is barred by the law of the case doctrine.

*May 20, 2013 order*

This Court remanded the issue of attorney's fees and costs to the trial court after Bousman II. Bousman argues that the trial court erred in entering the May 20, 2013 order awarding attorney's fees and costs to Lhommedieu because she failed to meet her burden of proving the reasonableness of the fees. Contrary to Bousman's argument, Lhommedieu submitted two attorney's fees affidavits which detailed when, and for what, the charges were incurred. The trial court gave Bousman an opportunity to object to the charges listed in the affidavits. Bousman submitted a supplemental opposition and argued that Lhommedieu's counsel did not "specify which fees he seeks are for the issues based upon the April 28, 2011 order and which fees are related to Bousman's appeal of this Court's denial of his attorney fees and expenses." Further, he argued that Lhommedieu "was awarded only those fees relating to the appeal, not fees for preparing, filing and presenting a Motion for Fees."

"'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'" Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

The trial court had to decide on remand what a reasonable attorney's fee award would be for Lhommedieu's successful defense of the appeal in Bousman II. Lhommedieu submitted affidavits and requested an award of $26,301.50. The trial court awarded her $26,138.50, a figure slightly less than what she requested. Contrary to Bousman's argument, the record supports the trial

court's finding that the fees and costs were reasonable and represented the fees and costs she incurred in defending the appeal in Bousman II and the remand hearing.

*Appellate attorney's fees and costs*

Lhommedieu asks this Court to award her attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  She also requests that sanctions be imposed against Bousman and his counsel.  Code § 8.01-271.1. Having reviewed and considered the entire record in this case, we hold that Lhommedieu is entitled to a reasonable amount of attorney's fees and costs incurred on appeal, in preparation for, and at the remand hearing.  We further hold that sanctions are appropriate in this case, especially considering this is the fourth appeal in less than two years concerning the same issues. We remand the issue of attorney's fees and costs, as well as any appropriate sanctions, to the trial court.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27. We remand this case to the trial court for determination and award of the appropriate sanctions and appellate attorney's fees and costs, which also should include any additional attorney's fees and costs incurred at the remand hearing.

Affirmed.